Thomas A. Aurelio, J.
Motion for a temporary injunction. The action herein is for an accounting, removal of trustees, permanent injunction and other incidental relief.
Issue was joined on August 18, 1959. At the outset, the court states that it is confining itself on this motion to the issues in the action and possible result therefrom. Collateral issues or extraneous matters, in which relief may be had in appropriate actions, are considered only as to the background of the instant action.
Plaintiff brought this action in behalf of itself and all others similarly situated because the New York Pest Control Association, Inc., of which it is a member, has failed to act after demand. However, plaintiff seems to be seeking some individual relief as to the distribution of the corpus of the trust.
Under the terms of the collective bargaining agreement between the employees’ union and the industry, certain insurance coverages were to be maintained by the employers. The means of securing coverage was in the first instance within the province of the employers. However, plaintiff and some other employers grouped together and through their organization, New York Pest Control Association, Inc., arranged by *203 trust indenture to have a trustee carry out a group policy as provided in the Insurance Law.
A trust indenture was entered into between David A. Weisburger, as trustee (or successors), and the New York Pest Control Association and Professional Exterminators Association, on December 31, 1945.
The individual employers were to pay the costs of the insurance coverage and service charges thereon directly to the trustee.
The plaintiff in its complaint alleges that the trustees (successor to original trustee) have misused, wasted and dissipated the trust funds by their acts, as specified in the complaint. It appears that plaintiff is presuming that the trustees had control over all the funds which were contributed by the employers during the period of the trust for the insurance and services rendered.
Were the trust indenture the. sole background which confronts the court, and upon which the action seems to be solely based, there would bo no difficulty on this motion. The powers, duties and obligations are clear and unambiguous, and the parties responsible very definite.
The trust estate, when originated, was to be known as “ The Association Insurance Trust”, in accordance with paragraph 19 of the agreement. Such term is not used, but the name Exterminating Industry appears from about 1946.
From 1945 until January, 1955 the relationship is clear and whether the trustees accounted during such period or misused the funds is not to be determined on this motion.
About January, 1955 Exterminating Industry Employers, a group consisting of employers only, came into existence. How plaintiff can denominate this organization and also Exterminating Industry as two mysterious organizations is beyond comprehension, inasmuch as Stefan Rohdie, president of plaintiff corporation, was at least a cosigner of many checks whereby funds were transferred from Exterminating Industry Employers (of which the trustee defendants Hess and Kavanaugh were not members) to Exterminating Industry (which the trustees controlled), evidently as the trust estate.
About January, 1955 the employers, instead of paying directly to the trustees, began to funnel their contributions, required for the insurance premiums and service charges, through the Exterminating Industry Employers, which in turn paid only the required amounts needed, and thereby was placed in a position to control any excess contributions or refunds by way of dividends from the insurance company. Whether such funds *204 are trust funds or organization funds in the hands of the Exterminating Industry Employers is not before the court under the facts set forth in the action herein. However, such funds have not been shown to be trust funds within the trust agreement in question, which agreement is the only document considered as to the obligation and duties of the trustees. The extent to which the trustees of the trust indenture must account is embraced within the terms thereof.
It is significant that, since the commencement of this action, the collective bargaining agreement by virtue of which the trust indenture was created and endures, expired on February 1,1960.
Under paragraph 18 of the trust indenture it is stated: “ In the event that the obligation of the employers to make Employer ’s Contributions shall terminate, the Trustee shall apply the Trust Estate to the purpose herein stated and any balance which cannot be so applied, to such other purposes as, in the opinion of the Trustee, will best effectuate the purposes hereof, and upon disbursement of the entire Trust Estate this trust shall terminate”.
The trustees are now placed in such a position, and thereafter must account; and if there is a balance, determine what to do with it in accordance with the terms of the trust agreement.
If it is eventually determined in the action that there was any misuse, waste or dissipation of trust funds for which the trustee may be surcharged, such funds would be applied in accordance with paragraph 18 of the trust.
Upon the facts and circumstances related herein, the court finds that the plaintiff is not placed in such a position as to sustain irreparable damages within the scope of the trust indenture if the relief requested is not granted. Accordingly, the motion is in all respects denied.